**Rocky McCLINTOCK, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2012–SC–000688–KB.

Supreme Court of Kentucky.

Dec. 20, 2012.

### OPINION AND ORDER

Movant Rocky L. McClintock, whose KBA member number is 84519 and whose bar roster address is 115 South Hamilton, Georgetown, Kentucky 40324, was admitted to the practice of law in this Commonwealth on October 16, 1992. There are currently twelve disciplinary actions pending against him. To resolve those matters, he has moved to resign from the Kentucky Bar Association under terms of permanent disbarment.

The matter arises from twelve pending KBA files, Nos. 19528, 19544, 19735, 19741, 20055, 20180, 20237, 20340, 20461, 20693, 20991, and 21144. In nine of those files, the Inquiry Commission has issued formal charges. The formal charges include over thirty counts alleging violations of the Rules of Professional Conduct, including a single violation each of SCR 3.130–1.1 (competence) and 3.130–1.2(a) (scope of representation), and multiple violations of SCR 3.130–1.3 (lack of diligence), 3.130–1.4(a)(3) (failure to communicate with client), SCR 3.130–1.5(a) (unreasonable fee), SCR 3.130–1.16(d) (failure to refund unearned fee on termination of representation); SCR 3.130–3.2 (failure to expedite litigation), SCR 3.130–8.4(c) (dishonest conduct), and 3.130–8.1(b) (failure to respond to a lawful demand from disciplinary authority). In one of the cases, No. 20693, a charge alleging violations of several of the rules noted above has been authorized but has not yet been issued. Two of the cases, Nos. 20991 and 21144, have not yet been presented to the Inquiry Commission. These cases include additional allegations of violations of the rules noted above and one additional violation of SCR 3.130–1.15(b) (failure to keep client's property safe).

This Court need not recount the facts of all the allegations, which total more than 12 pages in the Movant's motion. It suffices to say that they largely consist of a pattern of substantial misconduct in which the Movant was hired to represent clients, often with thousands of dollars in fees paid up front, and then failed to follow through with the representation while also failing to refund the clients' fees. At least one matter has resulted in a claim for $57,000 against the KBA's Client Security Fund because the Movant lost money held for a client from his escrow account.

The motion states that the Movant has suffered from "certain physical and mental health conditions which .ha[ve] severely disabled [his] ability and capacity in many personal and professional areas of his life, including the maintenance of an active law

practice." He contends that these conditions make it very unlikely he will be able to practice law in the foreseeable future. He has also admitted that his conduct in all twelve KBA files violated the ethical rules that he has been alleged to have violated. As a result, he has moved to resign from membership in the Kentucky Bar Association under terms of permanent disbarment.

Movant made his motion under SCR 3.480(3), which permits a bar member to resign when the member has engaged in unethical or unprofessional conduct. The KBA has stated that it has no objection to the motion and that the costs of the proceedings should be assessed against the Movant.

Accordingly, IT IS HEREBY ORDERED:

1. Movant Rocky L. McClintock is permanently disbarred from the practice of law in the Commonwealth of Kentucky and shall not be permitted to apply for reinstatement of his license to practice law. The period of disbarment shall commence on the date of entry of this Opinion and Order.

2. Pursuant to SCR 3.390, Movant shall, within ten days from the entry of this Opinion and Order, notify in writing all courts in the Commonwealth of Kentucky in which he may have matters pending and all clients of his inability to provide further legal services, and furnish the Office of Bar Counsel of the Kentucky Bar Association with a copy of all such letters.

3. Movant is further ordered to pay the costs associated with this proceeding in the amount of $1,580.66, for which execution may issue upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., concur. SCHRODER, J., not sitting.

ENTERED: December 20, 2012.

/s/ John D. Minton, Jr.
Chief Justice